

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas.

Dear Sir:

Opinion No. 0-4987
Re: Nepotism--Is is a violation of
the anti-nepotism laws for a
county commissioner to vote for
the employment of his second
cousin by consanguinity and re-
lated matters.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Referring to the nepotism laws of the State
of Texas, I would appreciate your legal advice in
this particular.

"One of the County Commissioners elect and one
of the employees of the County Road and Bridge De-
partment are related in the following manner: The
Commissioner's father and the employees mother are
first cousins.

"QUESTION NO. ONE. Would it be a violation of
the nepotism law for the County Commissioner elect
to vote for, appoint, or confirm the appointment
of this employee who is related to the Commissioner
as set out in this question?

"QUESTION NO. TWO. Would it be a violation of
the nepotism law for the County Commissioner elect
to vote for, appoint, or confirm the appointment
of an employee of the Road and Bridge Department
of the County who is a second cousin by consanguin-
ity, and one who is a third cousin to the commis-
sioner by consanguinity.

". . . ."

Article 432, Vernon's Annotated Texas Penal Code, reads as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever. Acts 1909, p. 85, Acts 1915, p. 149."

Collateral consanguinity is the relation subsisting among persons who descend from the same common ancestor but not from each other. Lineal consanguinity is the relationship which exists among persons where one is descended from the other. In computing the degree of lineal consanguinity existing between two persons every generation in the direct course of the relationship between the two parties makes a degree. Thus, father and son are related in the first degree; grandfather and grandson in the second degree; great-grandfather and great-grandson in the third degree, etc. The mode of computing degrees of collateral consanguinity is to begin with the common ancestor and reckon downwards and the degree the two persons or the more remote of them is distant from the common ancestor is the degree of kinship between them. Thus, brothers are related in the first degree; uncle and nephew in the second degree; first cousins in the second degree; second cousins in the third degree; third cousins in the fourth degree, etc. See Tyler Tap Railroad Company & Douglass vs. Overton, 1 App. C. C., Sections 533, 534, and 535.

Opinion No. O-272 of this department holds that the employment by one county commissioner of the nephew of another

county commissioner to be paid out of county funds would be in violation of Article 432 of the Penal Code of this State.

Opinion No. 0-556 of this department holds that it would be a violation of Article 432, Penal Code of Texas, for a county commissioner of one precinct of a county to appoint as overseer the nephew of the commissioner of another precinct of the county, or to hire a relative within the prohibited degree of another commissioner of the county to repair road machinery of the county when same was to be paid out of county funds.

Opinion No. 0-2925 of this department also holds illegal the employment by one county commissioner of the brother-in-law of another county commissioner for road work to be paid out of the road and bridge funds of the county.

Under the facts stated in question No. 1, the commissioner and the employee are related within the third degree. We assume from your letter that this relation is by consanguinity; if this assumption be correct it is our opinion that the employment would be illegal and your question should be answered in the affirmative.

In answer to your second question it is our opinion that the employment of the second cousin, who is related within the third degree to the county commissioner by consanguinity, would be illegal, but that the employment of the county commissioner's third cousin, related to him within the fourth degree by consanguinity, would not be illegal.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp

DEC 3 1942

Gerald C. Mann